Patrick M. Flatley
United States Bankruptcy Judge

Dated: Friday, March 13, 2015 3:25:32 PM

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

In re:                                    )
                                          )
BENJAMIN F. WARNER,                       )    Case No. 1:10-bk-888
                                          )
        Debtor.                           )    Chapter 7
                                          )
_____    )

**MEMORANDUM OPINION**

Martin P. Sheehan, the Chapter 7 trustee (the "Trustee") administering the Chapter 7 bankruptcy estate of Ben Warner (the "Debtor"), objects to the Debtor's amended claim of exemption in McCoy Farm, LLC ("McCoy Farm"), based res judicata, judicial estoppel, and laches. The Debtor contends that he may amend his claim of exemption as a matter of course at any time before a case is closed and that the Trustee failed to demonstrate that the exemption in McCoy Farm was not properly claimed.

For the reasons stated herein, the court will overrule the Trustee's objection.

## I.  BACKGROUND[1]

Prepetition, the Debtor attempted to transfer his interest in McCoy Farm to his brother, Karl Warner, as collateral for a loan that Karl made to the Debtor and his other siblings. On April 22, 2010, the Debtor filed his Chapter 7 bankruptcy petition and schedules. The Debtor's Schedule B did not list an interest in McCoy Farm, and his Schedule C did not claim any exemption therein, presumably because the Debtor believed that he had transferred his interest to Karl Warner prepetition. On July 30, 2010, the Trustee filed an adversary proceeding (Adv.

---

[1] The background of this case and various adversary proceedings emanating therefrom is fully set forth in the court's opinion denying the Trustee's first motion for summary judgment in an adversary proceeding 12-ap-35. *See Sheehan v. Warner (In re Warner)*, 480 B.R. 641, 644-46 (Bankr. N.D.W. Va. 2012). The court will thus not reiterate the factual background here, but will restate only the salient facts surrounding the Trustee's objection to the Debtor's amended claim of exemption in McCoy Farm.

1

Proc. No. 10-ap-100) in this court against Karl Warner to set aside the Debtor's transfer of the membership units in McCoy Farm to him or to recover the value thereof from him. In denying the Trustee's first motion for summary judgment, this court determined that there was no transfer of the Debtor's interest in McCoy Farm because the First Amended and Restated Operating Agreement of McCoy Farm, dated November 15, 2003, expressly forbade the alleged transfer. The Trustee then sought summary judgment that the Debtor's interest in McCoy Farm was property of the bankruptcy estate. The court granted the Trustee summary judgment on that basis and held that all of the Debtor's interest, however classified, was property of his estate under 11 U.S.C. § 541(a). *Sheehan v. Warner (In re Warner)*, Adv. Proc. No. 10-ap-100, slip. op. at 4 (Bankr. N.D.W. Va. Nov. 29, 2011).

On December 2, 2011, the Trustee filed a complaint in the District Court for the Northern District of West Virginia. The district court found that it had subject matter jurisdiction to hear the proceeding and then referred it to this court, and this court opened an adversary proceeding (12-ap-35) to consider the Trustee's action. At the time of referral, the Trustee had a pending motion for summary judgment, which essentially sought a declaration that under the Operating Agreement, McCoy Farm dissolved when the Debtor filed for bankruptcy. On September 27, 2012, this court entered a Memorandum Opinion denying the Trustee's motion for summary judgment. *Sheehan v. Warner (In re Warner)*, 480 B.R. 641, 655-56 (Bankr. N.D.W. Va. 2012) (holding that the Operating Agreement provisions which purport to dissolve McCoy Farm upon the Debtor filing bankruptcy were unenforceable *ipso facto* clauses under 11 U.S.C. § 541(c)). Thereafter, the Trustee filed the following two motions in adversary proceeding 10-ap-100, which was closed at the time: 1) a motion to reconsider (the "Motion to Reconsider") the court's order denying the Trustee's first motion for summary judgment; and 2) a motion to consolidate (the "Motion to Consolidate") his motion to reconsider in 10-ap-100 with consideration of his alternate motion for summary judgment in 12-ap-35, which the court will dispose of by separate order. On October 29, 2012, the court ordered that the Motion to Consolidate be held in abeyance pending its disposition of the Trustee's Motion to Reconsider.

On November 19, 2012, the court referred adversary proceeding 12-ap-35 to mediation. On January 25, 2013, three days before the parties went to mediation in adversary proceeding 12-ap-35, the Debtor amended his Schedule B and Schedule C. The Debtor's amended Schedule B reflects his one-sixth membership interest in McCoy Farm, to which the Debtor attributed an

2

"unknown" value. On his amended Schedule C, the Debtor claims his interest in McCoy Farm as exempt to the extent of $22,618.10 pursuant to W. Va. Code § 38-10-4(e), which he previously used to claim as exempt several other property interests. The Trustee then filed his objection to the Debtor's exemption in McCoy Farm. On April 26, 2013, the court denied the Trustee's Motion to Reconsider and Motion to Consolidate in adversary proceeding 10-ap-100, and the Trustee subsequently appealed the court's denial of his Motion to Reconsider. The Trustee ultimately appealed this court's decision to the U.S. Court of Appeals for the Fourth Circuit, which on November 3, 2014, affirmed the district court's decision affirming this court.

## II.  DISCUSSION

The Trustee asserts that the court should disallow the Debtor's amended claim of exemption in McCoy Farm based upon several theories, including res judicata, judicial estoppel, and laches. In that regard, the Trustee asserts that res judicata precludes the Debtor's amended claim of exemption because the Debtor's original claimed exemptions became "final" thirty days after he claimed them and no interested party objected to them. And he asserts that judicial estoppel likewise precludes the amendment because the Debtor cannot now claim an interest, and more particularly an exemption of that interest, in McCoy Farm after previously asserting in this court that he transferred his interest therein prepetition. In support of his objection based upon laches, he argues that it is the same or substantially similar to res judicata, and not equitable in nature, such that the court should also consider it as a basis to bar a debtor's amended exemptions. Moreover, he asserts that Rule 1001 requires the court to disallow the Debtor's amended claim of exemption because the Rules, including Rule 1009(a) permitting the filing of amended exemptions at any time until the case is closed, are to "be construed to secure the just, speedy, and inexpensive determination of every case and proceeding." Rule 1001.

Regarding the Trustee's argument that res judicata precludes the Debtor's amended claim of exemptions because his exemptions became final after thirty days passed without an interested party objecting thereto, the court is unpersuaded. The Trustee is correct that the court in *Scotchel* recognized the applicability of res judicata as a basis upon which to disallow a debtor's amended claim of exemption. *See In re Scotchel*, No. 12-09, 2014 WL 4327947, at *2 (Bankr.N.D.W. Va. Aug. 28, 2014) (citing *In re Romano*, 378 B.R. 454, 464 (Bankr. E.D.Pa. 2007)). "Importantly, however, res judicata . . . will not preclude a debtor from filing amended exemptions under Rule

3

1009(a)[] unless a final order denying an exemption claim for the same asset has previously been entered." *Id.* (internal quotation omitted).

Here, the court has not yet entered any order in this case regarding the Debtor's claimed exemptions. Nonetheless, the Trustee asserts that the court should employ what he terms as "administrative res judicata" in a situation like this where the exemptions "became final" after no party in interest timely objected to the Debtor's claimed exemptions. Notably, however, nothing in the Bankruptcy Code or Rules precludes the Debtor from amending his claimed exemptions even after they "become final." *See* Rule 1009(a) (noting that a debtor may generally amend his petition or schedules, including Schedule C, at any time before the case is closed).[2] The court therefore finds that res judicata does not preclude the Debtor's amended claim of exemptions, particularly where there is no court order in the case finally determining the extent of the Debtor's claimed exemptions. *See Camastro v. West Virginia Alcohol Beverage Control Com'n*, Civil Action No. 5:14CV67, 2014 WL 6612915, at *7 (N.D.W. Va. Nov. 20, 2014) (noting that res judicata requires that "a court having jurisdiction made a final adjudication . . . ."). To the extent that the Trustee asserts that Rule 1001 requires a different result "to secure the just, speedy, and inexpensive determination of every case and proceeding," the court does not believe permitting the Debtor's amended claim of exemptions here is at odds with the goal of Rule 1001, particularly given the ensuing analysis.

The Trustee also urges the court to employ judicial estoppel or laches to disallow the Debtor's amended claim of exemptions, but the court finds that neither principle is applicable to the facts of this case. First, the court disagrees that the Debtor is estopped from amending his claim of exemptions because he previously disclaimed any interest in McCoy Farm. It is true that the Debtor did not initially disclose or exempt an interest in McCoy Farm, but his failure in that regard was the result of his mistaken belief that he did not hold a membership interest in

---

[2] In that regard, the court notes that the exemption under W. Va. Code § 38-10-4(e) does not provide a debtor with the ability to exempt an asset in kind but only an exemptible interest in certain property of the estate. Exempt property generally remains property of the estate even though the debtor may exempt an interest therein from being liable to pay claims against the estate. *Compare* 11 U.S.C. § 522(c) and (k) *with* 11 U.S.C. § 554 (providing how property may be abandoned from the bankruptcy estate). The court is thus of the opinion that a debtor may give up a previously-claimed exempt interest in property in an effort to later exempt an interest in other property of the bankruptcy estate.

McCoy Farm as of the petition date due to his purported transfer of the property to his brother Karl Warner.  Additionally, the Debtor amended his claimed exemption while the Trustee was still litigating whether the Debtor's interest in McCoy Farm was even property of the bankruptcy estate.[3]  In fact, the Debtor amended his claim of exemption on January 25, 2013, well before the Trustee stopped litigating the court's determination that the Debtor's purported transfer of his interest in McCoy Farm prepetition was ineffective such that the Trustee could not obtain a monetary judgment against Karl Warner for the value of that interest; on November 3, 2014, the Fourth Circuit affirmed the district court's affirmation of this court's decision in that regard.  Consequently, the court does not believe that any prior position taken by the Debtor regarding his interest in McCoy Farm now estops him from claiming an exemption therein.

Similarly, the court finds that laches does not preclude the Debtor's amended claim of exemptions in this case.  In that regard, the court in *Scotchel* held that it cannot disallow a debtor's claimed exemption or amendment thereto based upon equitable considerations.  *See Scotchel*, 2014 WL 4327947, at *4.  And to the extent the Trustee argues that laches is a legal principle, the court disagrees.  "Laches" is defined as "2. The *equitable doctrine* by which a court denies relief to a claimant who has unreasonably delayed in asserting the claim, when that delay has prejudiced the party against whom relief is sought."  *Black's Law Dictionary* 1006 (10th ed. 2014) (emphasis added).  And "estoppel by laches" is similarly defined as "[a]n *equitable doctrine* by which some courts deny relief to a claimant who has unreasonably delayed or been negligent in asserting a claim."  *Id.* at 668 (emphasis added).  The court thus finds that laches is nothing other than an equitable doctrine, which this court cannot employ to restrict the Debtor's otherwise unfettered ability to amend his claimed exemptions "*at any time* before the case is closed."  Rule 1009(a) (emphasis added).  Moreover, even if the court were to employ the doctrine of laches in this case, it cannot find the Debtor's timing of his amended claim of exemption here constitutes an "unreasonable delay," which is at the heart of the doctrine, particularly given the timeline outlined in the preceding paragraph.

---

[3] Property transferred prepetition, whether fraudulently, preferentially, or otherwise, is not property of the bankruptcy estate.  *See* 11 U.S.C. § 541(a)(1) (emphasis added) (incorporating as property of the bankruptcy estate "interests of the debtor in property *as of the commencement of the case*.").

5

### III.  CONCLUSION

Based upon the foregoing analysis and in accordance with Rule 7052, made applicable to this matter by Rule 9014(c), the court will enter a separate order overruling the Trustee's Objection to Amended Exemptions.